**ORAL ARGUMENT NOT YET SCHEDULED**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| COLUMBIA RIVERKEEPER, *et al.* <br><br> Petitioners, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> Respondent, <br><br> CANADIAN ASSOCIATION OF PETROLEUM PRODUCERS and GAS TRANSMISSION NORTHWEST, LLC, <br><br> Movant-Intervenors. | Nos. 24-1002, 24-1025, 24-1096 |

**INTERVENOR GAS TRANSMISSION NORTHWEST, LLC'S RESPONSE TO COLUMBIA RIVERKEEPER AND ROGUE CLIMATE'S MOTION TO GOVERN FURTHER PROCEEDINGS**

28 U.S.C. § 2112(a) "is a mechanical device to determine which court will determine venue, not which court will ultimately hear the case." *Liquor Salesmen's Union Local 2 v. NLRB*, 664 F.2d 1200, 1205 (D.C. Cir. 1981) (emphasis omitted); *Westinghouse Elec. Corp. v. U.S. Nuclear Regulatory Comm'n*, 589 F.2d 759, 766 (3d Cir. 1979) ("The purpose of § 2112(a) is 'to provide a mechanical rule easy of application to avoid confusion and duplication by the courts.' ") (citation omitted). That rule confirms that Columbia Riverkeeper and Rogue Climate's (collectively,

"Riverkeeper") motion to abate further proceedings—joined by Washington and Oregon—should be denied. Riverkeeper and the States believe that they have good reasons why this Court should ultimately decide these petitions for review; GTN disagrees. Section 2112(a) confirms that it is the *Fifth* Circuit, not this one, that will decide those competing arguments. This Court is required to transfer Riverkeeper's and the States' petitions to the Fifth Circuit so that the Fifth Circuit may determine venue.

## ARGUMENT

**I.  28 U.S.C. § 2112(A)'S PLAIN TEXT REQUIRES THIS COURT TO TRANSFER RIVERKEEPER'S AND THE STATES' PETITIONS TO THE FIFTH CIRCUIT.**

Section 2112(a)'s text confirms as much. Where, as here, petitions for review are filed in only one court of appeals within 10 days of the challenged agency order, "the agency . . . shall file the record in that court notwithstanding the institution in any other court of appeals of proceedings for review of that order." 28 U.S.C. § 2112(a)(1). Once the agency files the record, "[a]ll courts in which proceedings are instituted with respect to the same order, other than the court in which the record is filed . . . shall transfer those proceedings to the court in which the record is so filed." *Id.* § 2112(a)(5). Then, "[f]or the convenience of the parties in the interest of justice, the court in which the record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals." *Id.*

2

That plain statutory text dictates the order of operations here.  The Judicial Panel on Multidistrict Litigation's order confirms that this case is one where only one petition—GTN's—was filed and delivered to FERC within the 10-day statutory period.  *In re Federal Energy Regulatory Comm'n*, __ F. Supp. 3d __, MCP No. 175, 2024 WL 1596933 (JPML Apr. 11, 2024) (filed in these dockets on April 12, 2024).  And now that FERC has filed the record in the Fifth Circuit, this Court "shall transfer" Riverkeeper's and the States' petitions to that court.  28 U.S.C. § 2112(a)(5).  The Fifth Circuit may then "[f]or the convenience of the parties in the interest of justice" re-transfer the consolidated proceedings back to this Court, as Riverkeeper and the States have asked it to do.  *Id.*

Riverkeeper—joined by the States—instead proposes a blinkered approach where this Court will retain the petitions until the Fifth Circuit decides their motion to dismiss GTN's petition for review or to transfer it to this Court.  Riverkeeper Mot. 4-6; States Joinder 1-2; *see also* Motion to Dismiss Gas Transmission Northwest's Petition or, Alternatively, Transfer Venue by the States of Washington and Oregon, *Gas Transmission Nw., LLC v. FERC*, No. 24-60002 (5th Cir. Apr. 18, 2024).  Neither Riverkeeper nor the States cite any case where the Court has refused to promptly transfer a petition under § 2112(a)(5)'s first sentence.  Riverkeeper's one cited case (at 5), *Devia v. Nuclear Regulatory Commission*, 492

F.3d 421, 427 (D.C. Cir. 2007), involved questions of prudential ripeness that had nothing to do with § 2112(a).

But this Court and others have rejected arguments similar to Riverkeeper's and the States'. This Court has "yield[ed] *sua sponte* to the Congressional intent that an administrative action be reviewed only by the Court of Appeals in which proceedings were first instituted." *Valley Vision, Inc. v. FCC*, 383 F.2d 218, 219 (D.C. Cir. 1967) (per curiam) (citing 28 U.S.C. § 2112(a)). The Court therefore transferred a petition to the Ninth Circuit, where proceedings were first instituted, "despite [the Court's] belief that the District of Columbia Circuit has exclusive jurisdiction to review the challenged order." *Id.* The Court even clarified that "[t]o avoid any possibility of misunderstanding, our action today transferring the appeal to the Court of Appeals for the Ninth Circuit is in deference to § 2112(a) and the need for avoiding unseemly conflict, and does not signal that we are receding from our view that the case properly belongs in the District of Columbia Circuit." *Id.*

The First Circuit, too, has rejected attempts to retain cases that § 2112(a) called for to be transferred. The National Labor Relations Board sought enforcement of one of its orders in the First Circuit after a company had sought review in the Fifth Circuit. *NLRB v. Bayside Enters., Inc.*, 514 F.2d 475, 476 (1st Cir. 1975) (per curiam). The Board nonetheless argued that the First Circuit

4

"should retain the case because the Fifth Circuit will determine that the claim of venue in that circuit is frivolous." *Id.* The First Circuit declined. *Id.* It explained that the Board's argument was "in effect to ask [the First Circuit] to anticipate what another court is given to decide." *Id.* The Board's argument that "the filing first in time must . . . be proper" for transfer to be appropriate "would lead to the untenable situation where two circuits would have to pass on the issue of venue." *Id.*

These cases decide this motion. Even if this Court were to somehow agree with Riverkeeper and the States that there is no jurisdiction over GTN's petition in the Fifth Circuit and that Riverkeeper's and the States' petitions should be decided here—and GTN on Monday will explain to the Fifth Circuit why that is not so— respect for Congress's choice set out in § 2112(a) would nonetheless demand that the Court transfer the petitions to the Fifth Circuit for the Fifth Circuit to make that determination. *See Valley Vision*, 383 F.2d at 219. Moreover, for the Court to retain the petitions on the ground that GTN's petition was supposed not properly filed would be in effect to ask this Court to predetermine what the Fifth Circuit will decide on Riverkeeper's and the States' pending motion to dismiss. *Bayside Enters.*, 514 F.2d at 476. The whole point of § 2112(a)(5)'s first sentence is to place all petitions before a single court of appeals to determine where venue in a case should ultimately lie.

Riverkeeper and the States also cite this Court's admonition that parties who have substantially prevailed before the agency should not petition for review merely to secure a favorable forum. *See* Riverkeeper Mot. 4-5 (citing *Liquor Salesmen's*, 664 F.2d at 1204). But that admonition applies when the court of appeals where the record is filed is weighing the discretionary transfer factors under § 2112(a)(5)'s second sentence, not when carrying out its nondiscretionary duty under § 2112(a)(5)'s first sentence to transfer petitions to the court of appeals where the record has been filed. *See Liquor Salesmen's*, 664 F.2d at 1205 (listing "whether there is but one truly aggrieved party" among the § 2112(a)(5) factors governing re-transfer).

Riverkeeper's own cited case confirms as much. The admonition Riverkeeper quotes comes from *Public Service Commission v. FPC*, 472 F.2d 1270, 1272 & n.2 (D.C. Cir. 1972) (per curiam), which, in turn, cites *Municipal Distributors Grp. v. FPC*, 459 F.2d 1367 (D.C. Cir. 1972) (per curiam). And *Municipal Power Distributors* supports transfer to the Fifth Circuit. This Court agreed that "sound doctrine resists 'forum shopping' in a case of mere technical aggrievement." 459 F.2d at 1369. But the Court nonetheless granted transfer of petitions filed in this Court to the Fifth Circuit in the face of an argument that the Fifth Circuit petition "represent[ed] 'blatant forum shopping.' " *Id.* The Court

explained that "it is for the Fifth Circuit[,] where the pertinent petition to review was filed, to study it and consider whether that doctrine is applicable." *Id.*

So it is here. GTN will explain Monday to the Fifth Circuit why it is substantially aggrieved and why its petition is not forum shopping—FERC's refusal to grant it predetermination of whether it may use rolled in rates is causing GTN to suffer significant monetary and operational harms—and the Fifth Circuit can evaluate that explanation in deciding the States' and Riverkeeper's pending motion to dismiss or transfer. But it is no reason for this Court to delay carrying out § 2112(a)(5)'s mandate to transfer Riverkeeper's and the States' petitions to the Fifth Circuit.

## II. RIVERKEEPER AND THE STATES OFFER NO GOOD CAUSE TO DELAY TRANSFER.

As best we can tell, Riverkeeper's only way to distinguish all of these cases is to assert it is merely asking to abate the case further, not deny transfer altogether. Riverkeeper Mot. 5; States Joinder 1-2. But § 2112(a)(5) states that this Court "shall" transfer the petitions to the Fifth Circuit, and the "mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998).

Even if there were some residuum of discretion on when to transfer, Riverkeeper and the States give no valid reason why this Court should exercise it to delay. *First*, the States say that "transferring the petitions now would be an

7

inefficient paper shuffle." States Joinder 1.  But transferring a case requires only the click of a mouse; it will not impose an undue strain on the Clerks of this Court and the Fifth Circuit to transfer and re-transfer the petitions if necessary.  *See*, *e.g.*, *Valley Vision, Inc. v. FCC*, 399 F.2d 511, 515-516 (9th Cir. 1968) (re-transferring petition to this Court that this Court had initially transferred to the Ninth Circuit).

*Second*, the States say that abeyance is warranted because there may be further FERC proceedings.  States Joinder 2-3.  But whether to abate further merits proceedings while the States potentially pursue rehearing-on-rehearing at FERC is a question that should be addressed by the Fifth Circuit once the petitions are transferred.

*Third*, the States state that they may petition for review in this Court of FERC's rehearing order entered on this docket.  States Joinder 3.  The States may petition for review of the rehearing order any place that 15 U.S.C. § 717r(b) allows.  If the States file here, this Court can—and must—transfer the petition under § 2112(a)(5) to the Fifth Circuit once it is docketed.  Transferring the existing petitions now will not prejudice any future rights that the States have with respect to the rehearing order.

There are, by contrast, plenty of good reasons to transfer immediately.  The bifurcation of proceedings between this Court and the Fifth Circuit has led to unnecessary duplicative motion practice like this, where two courts are passing

upon procedural aspects of the case at the same time. *See American Civil Liberties Union v. FCC*, 486 F.2d 411, 413 (D.C. Cir. 1973) (explaining that § 2112(a) makes it so "[t]he parties are spared simultaneous participation in proceedings in more than one circuit"). The States say, for instance, that merits proceedings should be abated while further administrative proceedings potentially take place. States Joinder 3. There is no reason why the Fifth Circuit and this Court should be deciding that issue in parallel when the Fifth Circuit can and should consider it alone. Moreover, although Riverkeeper and the States have not stated whether they intend to seek a stay of the certificate order, transferring the petitions immediately ensures that any stay decision will be made by one court alone, not two courts seriatim. *See* 28 U.S.C. § 2112(a)(4).

Riverkeeper reveals on the last page of its motion its true fear: the Fifth Circuit might agree to retain the States' and Riverkeeper's petitions even if it concludes that GTN substantially prevailed before FERC. *See* Riverkeeper Mot. 6. But as this Court held in *Liquor Salesmen's*, even when the first-filed petitioner is not substantially aggrieved—and, to be clear, GTN is—"the court of first filing may determine in its exercise of discretion that the convenience of the parties and the interest of justice demonstrate that the court should decline to transfer and instead entertain the case." 664 F.2d at 1209 n.19. The Court should allow the

9

Fifth Circuit to exercise the discretion § 2112(a)(5) gives it, not create an "unseemly conflict" by deferring transfer. *Valley Vision*, 383 F.2d at 219.

## CONCLUSION

For the foregoing reasons, Riverkeeper's motion to govern further proceedings should be denied.

Respectfully submitted,

/s/ Sean Marotta
Sean Marotta
Matthew J. Higgins
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone: (202) 637-4881
sean.marotta@hoganlovells.com

Johannah Walker*
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, CA 94111

*Admitted in the District of Columbia and Arkansas. Practice supervised by principals of the Firm admitted in California.*

*Counsel for Gas Transmission Northwest, LLC*

May 3, 2024

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limitation of D.C. Circuit Rule 27(a)(2) and Federal Rule of Appellate Procedure 27(d)(2) because it contains 2,085 words.

2.  This document complies with the format requirements of D.C. Circuit Rule 27(a)(2), the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman.

<u>/s/ Sean Marotta</u>
Sean Marotta

**CERTIFICATE OF SERVICE**

I certify that on May 3, 2024, the foregoing was electronically filed through this Court's CM/ECF system, which will send a notice of filing to all registered users.

/s/ Sean Marotta
Sean Marotta